### JAMES v. SIGNELL.

(Supreme Court, Appellate Division, First Department. April 29, 1901.)

1. DEFAULT—FAILURE TO ANSWER—TIME—EXTENSION.

Where defendant obtained an order extending the time to answer, and served a copy of the same on plaintiff's attorney, without a copy of the affidavits on which the order was granted, but plaintiff's attorney did not return the order or give notice of the irregularity for several days after service, when he served notice of motion for judgment by default on the ground that defendant's time to answer had expired, defendant was not in default; and hence it was not error to set aside a default judgment entered on plaintiff's motion, and allow defendant to plead.

2. SAME—IMPOSITION OF TERMS—APPEAL.

Where defendant was not in default at the time a default judgment was entered against him on plaintiff's motion, which was subsequently set aside, and defendant allowed to plead on terms, plaintiff's appeal from such order on the ground that the terms were inadequate could not be sustained, since, as defendant was not in default, no terms should have been imposed.

Appeal from special term, New York county.

Action by Mary James, as administratrix of the estate of Charles F. James, against John V. Signell. From an order granting defendant's motion to open a default judgment, and allowing him to file an answer on terms, plaintiff appeals. Affirmed.

See 69 N. Y. Supp. 680.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Philip Carpenter, for appellant.
Nathan Ottinger, for respondent.

INGRAHAM, J. This action was commenced by the service of the summons and complaint upon the 22d of January, 1901, and the defendant's time to appear and answer expired on February 11,

1901. On that day an order was obtained from a justice of. the supreme court extending the time to answer or demur 20 days from February 11, 1901, and a copy of the order was served upon the plaintiff's attorney; but the affidavits upon which the order was granted were not served with the order. The plaintiff's attorney, however, retained the order, not returning it to the defendant's attorney, or giving any notice of the irregularity, but on the 19th of February served a notice of motion, returnable on February 28th, for judgment. On February 26th the defendant's attorney, having discovered that the affidavits upon which the order extending the time to answer had been granted had not been served, caused a copy of such affidavits to be served upon the plaintiff's attorney; but on the afternoon of that day the plaintiff's attorney returned such affidavits with a notice that they had been served too late, that the defendant's time to plead had expired, and that an application for judgment upon the defendant's default had been made, whereupon the defendant obtained an order to show cause, asking that his default, if any, be opened, and that he be allowed to serve such order and to defend the action. That motion was granted upon the defendant paying the accrued costs of the action and $10 costs of the motion, and from that order the plaintiff appeals.

I do not think that the defendant was in default. An order having been obtained extending his time to answer, upon service of the order the defendant would not be in default until the time within which under the order he was authorized to serve the answer had expired. A failure to serve the affidavits upon which that order was granted was a mere irregularity, which was waived by not returning the order. The order appealed from, however, treated the defendant as being in default, and opened that default and allowed the plaintiff to answer; but, as the defendant has not appealed from that order, the only question presented is whether the court was justified in allowing the defendant to answer upon the terms imposed. If the defendant was not in default, it is quite clear that the court was not justified in imposing any terms, and an appeal by the plaintiff upon the ground that the terms imposed were insufficient must fail.

The order appealed from should therefore be affirmed, with $10 costs and disbursements. All concur.